In re Ray Vivian SCOTT, Debtor.

**FIRST NATIONAL BANK OF LOUISVILLE, Plaintiff,**

v.

**Ray Vivian SCOTT, Defendant.**

**Jesse L. BASS, Defendant and Third Party Plaintiff,**

v.

**AUTOTRUCK FEDERAL CREDIT UNION, Third Party Defendant.**

**Bankruptcy No. 3–83–00245.
Adv. No. 3–83–0142.**

United States Bankruptcy Court, W.D. Kentucky.

Sept. 9, 1985.

Michael W. Troutman, Louisville, for plaintiff.

C. Joseph Green, Louisville, for Auto-truck Federal Cr. Union.

Walter H. McGee, Louisville, for Jesse L. Bass.

James E. Stierle, Louisville, for Ray Vivian Scott.

## MEMORANDUM-OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the Court on the motion of the plaintiff, First National Bank of Louisville, (hereinafter referred to as the "Bank"), for Summary Judgment, seeking a determination that its interest in certain collateral is superior to that of defendant, Jesse L. Bass (hereinafter "Bass"), and further that any deficiency

due and owing the Bank after the collateral is sold is non-dischargeable pursuant to 11 U.S.C. Section 523(a)(6).

The first issue, simply stated, involves a question as to the priority between these two claimants, the Bank and Bass. The Bank argues that it is entitled as a matter of law to have its interest in the collateral adjudged superior to that of Bass pursuant to the Uniform Commercial Code as enacted in Indiana. The defendant, Bass, argues that Kentucky law governs the place of filing, and further, that he is protected as a bona fide purchaser. The Court finds that the Bank's interest is superior to that of Bass', based on the following findings of facts and conclusions of law:

On or about July 2, 1980, Scott executed a security agreement, granting to the Bank a security interest in a 1980 Marquis Mercruiser boat. On or about July 14, 1980, the Bank filed a Financing Statement on the boat in the office of the County Clerk of Clark County, Indiana. At a hearing held on August 13, 1985, the Bank and the defendant, Bass, by counsel, stipulated that there was no dispute that July 14, 1980, was the date of filing. It was further stipulated that at the time of executing the security agreement and at the time of the sale to Bass, the defendant, Scott, was a resident of Clark County, Indiana.

On or about May, 1981, Scott sold the boat to Bass. The Bank was not notified actually or constructively of the proposed transfer of the boat from Scott to Bass prior to said transfer. Scott states that he and Bass checked the records of the Jefferson County Clerk's Office and discovered no security interest properly of record by the Bank with that Clerk.

A motion for summary judgment is proper only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P.56(c); Rules of Bankruptcy Procedure 7056. At the August 13, 1985 hearing, the parties, by counsel, stipulated that there is no remaining issue of material fact and that the issues presented, as to priority between the two claimants, are questions of law.

A question has arisen as to whether Indiana or Kentucky law governs as to the perfection of the Bank's security interest. Scott testified that he was a resident of Indiana, and that the boat was licensed and kept in Indiana. Therefore, the Uniform Commercial Code in effect in the State of Indiana is the governing law as to the perfection of the Bank's security interest. Indiana Code Section 26-1-9-102 provides, in pertinent part:

> Except as otherwise provided in Section [26-1-] 9-103 on multiple state transactions and in Section [26-1-] 9-104 on excluded transactions, this article [Chapter] applies so far as concerns *any personal property and fixtures within the jurisdiction of this state.* (Emphasis added.)

A central question has also arisen as to whether the Bank filed in the proper place. Bass' position is that the Bank did not file in the proper place and, therefore, that they are not perfected. Bass argues that the boat was intended by Scott to be used in his business; that as Scott is a non-resident of Kentucky, the appropriate place for filing would be in the county where the non-resident has a principal place of business in this state, Jefferson County, Kentucky. *See,* KRS 355.9-401(1)(c). However, this position must fail for several reasons. First, we have already held that the Uniform Commercial Code in effect in Indiana must govern as Indiana is where the boat was located at the time of the execution of the security agreement and the boat is licensed in Indiana. Therefore, the proper place to file a financing statement is set forth in *Ind. Code* Section 26-1-9-401(1) which provides:

> The proper place to file in order to perfect a security interest is as follows: (a) when the collateral is ... consumer goods, then in the office of the County Recorder in the county of the debtor's residence....

The Bank did properly file in the county of the debtor's residence, Clark

County, Indiana on July 14, 1980, thus perfecting its security interest in the boat. Secondly, as to Bass' assertion that the boat was to be used in Scott's business located in Jefferson County, Kentucky, there is no proof that such an intention was communicated to the Bank at the time of execution of the security agreement. In fact, the security agreement was executed by Mr. Scott, individually, not in any corporate capacity. The address which he furnished to the Bank and was contained on the security agreement executed by him, is a Jeffersonville, Clark County, Indiana address. Thirdly, we know of no duty imposed on the Bank to investigate to discover if Scott was also going to use this consumer goods in some business venture. They relied on the representations made by Scott that he was a Jeffersonville, Clark County, Indiana resident, properly filed there and became perfected as of the filing date, July 14, 1980.

■ Having found that the Bank was perfected, we now turn to the issue of whether the Bank's security interest is superior to any interest of Bass. Bass argues that he is a bona fide purchaser, having bought the boat in good faith, for consideration, and without knowledge of the Bank's prior security interest. Bass and Scott together checked the records of the Jefferson County Court Clerk's Office which failed to reveal any security interests properly recorded with that Clerk. Even assuming that Bass is a bona fide purchaser, unfortunately, the law does not protect him. The Bank's interest is superior to that of Bass pursuant to *Ind. Code* Section 26–1–9–307(2), which provides:

> In the case of consumer goods ... a buyer takes free of a security interest even though perfected if he buys without knowledge of the security interest, for value and for his own personal, family or household purposes or his own farming operations *unless prior to the purchase the secured party has filed a financing statement covering such goods.* (Emphasis added).

The purchase by Bass of the boat occurred on or about May, 1981. The financing statement was filed by the Bank on July 14, 1980, clearly prior to Bass' purchase. As to priority between these two claimants, the Bank must prevail and is entitled to immediate possession of the boat.

■ The Bank has also asserted a claim that any deficiency due and owing the Bank after the boat is sold is non-dischargeable pursuant to 11 U.S.C. Section 523(a)(6). As no sale has yet taken place, any alleged potential deficiency has not been proven by the Bank, and therefore, the non-dischargeability issue is not yet ripe for decision by this Court.

Finally, Bass has asserted a Crossclaim against Scott, for indemnification and contribution for any loss he may sustain, in the event that the Bank prevails in its action against Scott. Said Crossclaim is not disposed of herein.

The above constitutes Findings of Fact and Conclusions of Law pursuant to the Rules of Bankruptcy Procedure 7052. A separate Order will be entered this date.